UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
   **LEAH WEISS;**
      *Plaintiff,*

   -v-

   **CENTRAL CREDIT SERVICES INC.; and
   DOES 1-10, inclusive,**
      *Defendants,*
-------------------------------------------------------x

Case No._____

**13 CV 6224**

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE FCRA, FDCPA AND TCPA

### INTRODUCTION

**HERE COMES**, Plaintiff, Leah Weiss, (hereinafter Plaintiff) hereby files this complaint, individually against Defendant, CENTRAL CREDIT SERVICES INC., (hereinafter Defendant) for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*; Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*; Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq.* 47 C.F.R. § 64.1200(a)(2); as well for violations of the New York General Business Law § 349, Article 25 - § 380-b, for Invasion of Privacy and allege as follows;

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 15 U.S.C. § 1692k(d); 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(a)(2); New York GBS. Law § 349, § 380-b; and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1337, 28 U.S.C. § 1367, 28 U.S.C. § 2201.

2. This court has jurisdiction as the Plaintiff resides in the County of Orange State of New York, and the acts complained of herein occurred in this County, and the Defendant is a active

corporation in New York since November 7, 2001, and transacts business here.

3. This court has jurisdiction as the Defendant violated New York General Business Law § 349, § 380-b, the Defendant's acts in this county gave rise to the causes of action asserted herein.

4. This court has jurisdiction pursuant to New York General Business Law § 349, § 380-b, since the Defendant caused injury to Plaintiff, within the State of New York, while it was engaged in service activities in obtaining consumer information from reporting agencies.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391b(1), in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

6. The Plaintiff, Leah Weiss, is an individual that resides in the County of Orange State of New York, and is a consumer as the term is defined by FCRA 15 U.S.C. § 1681a(c); and by FDCPA, 15 U.S.C. § 1692a(3).

7. The Defendant, CENTRAL CREDIT SERVICES INC., is a Foreign Business Corporation with its principle place of business at 9550 Regency Square Blvd. Suite 500, Jacksonville, FL 32225.

8. Does 1-10 (hereinafter Agents) are individual employees and/or agents employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

9. Defendant at all times acted by and through one or more of the Agents.

10. At all times of this complaint the Defendant acts as debt collector with respect to the collection of an alleged debt as defined by FDCPA 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

2

fully stated herein.

12. Plaintiff obtained her consumer credit reports from the three credit reporting agencies and found entries by entities that were unfamiliar to her within the credit reports.

13. Plaintiff found after examination of her Experian consumer credit report that the Defendant had obtained her Experian credit report without a permissible purpose on this Date: May 10, 2013.

14. At no time did the Plaintiff grant to Defendant consent to obtain her credit report from any credit reporting agency, nor does the Plaintiff have any kind of relationship with the Defendant as defined under FCRA § 1681b(3)(A)-(E).

15. On or about May 13, 2013, Plaintiff received a letter from the Defendant and stated that Toyota Motor Credit Corp has sent to Defendant an alleged account that they should collect from the Plaintiff.

16. From around May 2013, thru the end of July 2013, the Plaintiff received 25 phone calls on her cellular phone number ending in (XXX-XXX-8235) from the Defendant's phone (888-682-2306), and from (904-562-6655) using an automatic telephone dialing system (ATDS) with artificial pre-recorded voices seeking to collect an alleged debt.

17. Each time when the Plaintiff answered the Defendant's call she was met with "dead-air" until such time as one of the Defendant's debt collection representatives picked up the line and asked about an alleged debt, this is what it's known as a Predictive Dialer Equipment that dials numbers and predicts when a collection or sales agent will be available to take calls.

18. The equipment the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers. In most cases, debt collectors program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a debt collector or sales person is available to take the call.

3

19. On several occasions when Plaintiff answered the Defendant's calls, Plaintiff heard a pre-recorded message requesting that the Plaintiff should return the Defendant's call.

20. Plaintiff has no prior or present established business relationship with the Defendant within the meaning of 47 U.S.C. § 227 and Plaintiff has never given the Defendant express written permission to call her cellular phone.

21. On May 27, 2013, Plaintiff mailed a letter to the Defendant via Certified mail # 7011 0110 0000 9178 5986, disputing the alleged debt in its entirety and requested a general or specific certification as to what permissible purpose they may have had when they obtained the Plaintiff's credit report, to prove and Validate everything that they are claiming pursuant to the Fair Debt Collection Practices Act, and also to show the Plaintiff's express written permission to call her cellular phone.

22. Upon Plaintiff's request the Defendant failed/refused to provide the evidence that the Plaintiff requested, based on information and belief, Defendant did not had a lawful purpose for requesting, and obtaining, and using the Plaintiff's consumer credit report on the date listed in # 11, and also failed/refused to provide the Plaintiff's express written permission to call her cellular phone.

23. Discovery of the violations brought forth herein are within the statute of limitations as defined by FCRA, 15 U.S.C. § 1681p(1); FDCPA, 15 U.S.C. § 1692; and TCPA, 47 U.S.C. § 227 *et seq*.

24. On July 1, 2013, Plaintiff mailed a Notice of Litigation to Defendant via US Certified Mail # 7012 1010 0003 5809 5848, this was an effort to mitigate damages and reach a settlement for their violations before taking civil action against the Defendant and to spare judicial resources.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 *et seq.* FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT CENTRAL CREDIT SERVICES INC.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Experian is a credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

27. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. § 1681a(d).

28. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

29. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

30. The Plaintiff never signed any contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit with or from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's consumer credit report as defined by the (FCRA).

31. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on May 10, 2013, with no permissible purpose was a willful act and a clear violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

32. The Defendant's failure to comply with the Fair Credit Reporting Act (FCRA) when they obtained and used Plaintiff's Experian consumer credit report on May 10, 2013, was willful and intentional as contemplated under 15 U.S.C. § 1681n.

33. At no time has the Defendant ever indicated what possible justification they may have had for obtaining the Plaintiff's credit report.

34. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

35. On its own authority, and without the permission and consent of the Plaintiff to do so, the Defendant obtained Plaintiff's Experian consumer credit report.

36. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 *et seq.* FOR NEGLIGENT NON-COMPLIANCE BY DEFENDANT CENTRAL CREDIT SERVICES INC.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on the date listed in # 11, with no permissible purpose was a negligent violation of Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681o.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 *et seq.* BY DEFENDANT CENTRAL CREDIT SERVICES INC.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendant willfully violated 15 U.S.C. § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

6

41. By obtaining the Plaintiff's credit report on the dates listed in # 11, for no purpose, where no underlying transaction ever took place between Plaintiff and the unknown Defendant, in direct violation of 15 U.S.C. § 1692e(10).

42. Defendant knew or should have known that performing inquiries into the Plaintiff's credit report without the prior authorization of the Plaintiff is a direct violation of 15 U.S.C. § 1692e(10) as no business relationship exists between the Plaintiff and unknown Defendant.

43. The Federal Trade Commission amended the Fair Debt Collection Practices Act by Public Law 104-208, 110 Stat. 3009 Title VIII Section § 807. False or misleading representations 15 USC 1692e (10). The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44. The Defendant also willfully violated 15 U.S.C. § 1692d(5) Causing the Plaintiff's telephone to ring from May 2013, thru July 2013, and engaging in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

45. The Defendant's actions in calling the Plaintiff 25 times further violated his rights pursuant to (FDCPA) 15 U.S.C. § 1692d, Harassment and Abuse and § 1692d(5).

46. The Defendant willfully violated 15 U.S.C. § 1692g(b) by continuing collection activity after receiving notice of dispute from Plaintiff, and Defendant failed/refused to provide written Validation of debt before resuming collection activities, in violation of 15 U.S.C. § 1692g(b).

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 *et seq.* BY DEFENDANT CENTRAL CREDIT SERVICES INC.

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Plaintiff received 25 phone calls on her cellular phone from the Defendant using an

7

automatic telephone dialing system (ATDS) with artificial and/or pre-recorded voices.

49. When Plaintiff answered the calls from Defendant, an artificial and/or pre-recorded message was heard that the Plaintiff should return the Defendant's call.

50. The Defendant's actions were willful or knowing non-compliance violations with the 47 U.S.C. § 227(b)(1)(A)(iii) and is not permitted under any provision of the aforementioned statute.

51. The telephone number that the Defendant called was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

52. The Plaintiff never provided her cellular phone number to Defendant and for sure did not give express written consent to call her through any medium.

53. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

54. The Plaintiff never provided express written consent to Toyota Motor Credit Corp and its agents to be contacted on her cellular phone.

55. Each of the aforementioned calls made by the Defendant constitutes a negligent or intentional separate violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227(b)(1)(A), and 47 C.F.R. § 64.1200(a)(2).

56. The courts have ruled that even if a call is made manually that it is still a violation if the call is made with the (ATDS) equipment which is capable of working as an automatic dialing system even if the calls were made manually.

57. The foregoing acts and omissions that the Defendant has committed constitutes 25 separate violations of 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(2).

58. As a result of each of the Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47

U.S.C. § 227(b)(3)(B).

59. As a result of each of the Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT V
## VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW § 349, § 380-B, ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS BY DEFENDANT CENTRAL CREDIT SERVICES INC.

60. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business trade or commerce or in the furnishings of any service in this state of New York are hereby declared unlawful.

62. As a direct and proximate result of the Defendant's deceptive acts and practices, in violation of General Business Law § 349, Article 25 - § 380-b, Plaintiff was damaged in that, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

63. Under New York General Business Law Article 25 - § 380-b, Permissible dissemination the consumer reporting agency may furnish a consumer report under the following circumstances and no other.

64. In accordance with the written instructions of the consumer to whom it relates, or to a person whom it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit.

65. Section § 380-M: Civil liability for negligent noncompliance Any consumer reporting agency or

user of information who or which is negligent in failing to comply with any requirement imposed under this article, other than a violation of section 380-T of this article, with respect to any consumer is liable to that consumer in an amount equal to the sum of: (b) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

66. The TCPA prohibits calls using an artificial or recorded voice or placed with an auto dialer robocalls to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call without the express consent of the called party.

67. This prohibition is not limited to telemarketing calls; debt collection calls are covered. The FCC has expressly rejected the argument that debt collection calls are not covered. CG Docket No. 02-278, Release number FCC 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877 (Jan. 4, 2008) ("ACA Declaratory Ruling").

68. Article 29-H Fair Debt Collection Practices Act 601. Prohibited Practices. 2. No Debt Collector or Creditor shall oppress, harass or abuse any person in connection with the collection of a debt or the attempt to collect a debt. This includes but is not limited to the following activities: D. Causing a telephone to ring repeatedly or continuously in a manner that can reasonably be expected to annoy, harass or needlessly disturb any person.

69. The Plaintiff received 25 calls on her cellular phone from Defendant on repeated occasions seeking to collect an alleged debt, the Plaintiff suffered and continues to suffer damages as a result of foregoing acts and practices, including damages associated with, among other things humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

## PRAYER FOR RELIEF

"**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in her favor against Defendant as follows:"

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b), 15 U.S.C. § 1681o;
2. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
4. Statutory damages pursuant to 47 C.F.R. § 64.1200(a)(2)
5. Statutory damages, trebled, pursuant to Article 25 § 380-o and NY GBL § 349;
6. Any Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);
7. That Plaintiff recovers such other and further relief as is just and proper.

Dated: August 29, 2013                Respectfully Submitted,

By: _____
Leah Weiss
14 Ruzhin Rd. Unit 202
Monroe, NY 10950
vh10930@gmail.com

## **VERIFICATION OF COMPLAINT**

STATE OF NEW YORK   )
                    ) ss
COUNTY OF ORANGE    )

Plaintiff, Leah Weiss, hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the foregoing Verified Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Leah Weiss, hereby declare that the foregoing is true and correct.

Dated: August 29, 2013

By: _____
Leah Weiss
14 Ruzhin Rd. Unit 202
Monroe, NY 10950
vh10930@gmail.com

12