UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                             :
Leah Weiss,                                              :
                                                             :
                    Plaintiff,                           : Case No.: 7:13-cv-06224-CS
                                                             :
v.                                                          :
                                                             :
Central Credit Services, Inc.; and              :
Does 1-10, inclusive,                             :
                                                             :
                    Defendants.                      :
_____ :

## CENTRAL CREDIT SERVICES, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES

NOW COMES defendant Central Credit Services, Inc., n/k/a Central Credit Services, LLC ("CCS") through counsel and hereby submits this Answer and Affirmative Defenses to the Complaint filed by Leah Weiss ("Plaintiff"), and states:

## JURISDICTION & VENUE

1. CCS admits the allegations in ¶ 1 for jurisdiction purposes only. Except as specifically admitted, CCS denies the allegations in ¶ 1.

2. CCS admits the allegations in ¶ 2 for jurisdiction purposes only. . Except as specifically admitted, CCS denies the allegations in ¶ 2.

3. CCS admits the allegations in ¶ 3 for jurisdiction purposes only. Except as specifically admitted, CCS denies the allegations in ¶ 3.

4. CCS admits the allegations in ¶ 4 for jurisdiction purposes only. Except as specifically admitted, CCS denies the allegations in ¶ 4.

1

5. CCS admits the allegations in ¶ 5 for venue purposes only. Except as specifically admitted, CCS denies the allegations in ¶ 5.

## PARTIES

6. CCS denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

7. CCS admits only that it is a Florida business with an office at the address alleged. Except as specifically admitted, CCS denies the allegations in ¶ 7.

8. CCS denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

9. CCS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

10. CCS admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection activities may be governed by certain provisions of the FDCPA. Except as specifically admitted, CCS denies the allegations in ¶ 10.

## STATEMENT OF FACTS

11. CCS incorporates by references its answers to the above paragraphs as though fully stated herein.

12. CCS denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

13. CCS denies the allegations in ¶ 13.

14. CCS denies that it was required to have plaintiff's consent to obtain her credit report and denies that it violated the FCRA. Except as specifically admitted, CCS denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

15. CCS denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

16. CCS denies the allegations in ¶ 16.

17. CCS denies the allegations in ¶ 17.

18. CCS denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

19. CCS denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

20. CCS denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

21. CCS admits that it received a letter from someone purporting to be the plaintiff and that said letter is in writing and speaks for itself. Except as specifically admitted, CCS denies the allegations in ¶ 21.

22. CCS denies the allegations in ¶ 22.

23. CCS denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

24. CCS admits that it received a letter from someone purporting to be the plaintiff and that said letter is in writing and speaks for itself. Except as specifically admitted, CCS denies the allegations in ¶ 24.

### COUNT I

25. CCS incorporates its answers to the above referenced paragraphs as if fully stated herein.

26. CCS denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

27. There are no allegations in ¶ 27 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the FCRA.

28. There are no allegations in ¶ 28 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the FCRA.

29. There are no allegations in ¶ 29 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that plaintiff has accurately stated the law and denies that it acted in a way that was prohibited by or violated the FCRA.

30. CCS denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

31. CCS denies the allegations in ¶ 31.

32. CCS denies the allegations in ¶ 32.

33. CCS denies the allegations in ¶ 33.

34. CCS denies the allegations in ¶ 34.

35. CCS denies that it was required to obtain the permission and consent of the plaintiff to obtain a consumer credit report and denies that it that it acted in a way that was prohibited by or violated the FCRA. Except as specifically admitted, CCS denies the allegations in ¶ 35.

36. CCS denies the allegations in ¶ 36.

## COUNT II

37. CCS incorporates its answers to the above referenced paragraphs as if fully stated herein.

38. CCS denies the allegations in ¶ 38.

## COUNT III

39. CCS incorporates its answers to the above referenced paragraphs as if fully stated herein.

40. CCS denies the allegations in ¶ 40.

41. CCS denies the allegations in ¶ 41.

42. CCS denies the allegations in ¶ 42.

43. There are no allegations in ¶ 43 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the FDCPA.

44. CCS denies the allegations in ¶ 44.

45. CCS denies the allegations in ¶ 45.

46. CCS denies the allegations in ¶ 46.

## COUNT IV

47. CCS incorporates its answers to the above referenced paragraphs as if fully stated herein.

48. CCS denies the allegations in ¶ 48.

49. CCS denies the allegations in ¶ 49.

50. CCS denies the allegations in ¶ 50.

51. CCS denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

52. CCS denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

53. CCS admits that it does not place calls for emergency purposes but denies that it that it acted in a way that was prohibited by or violated the TCPA. Except as specifically admitted, CCS denies the allegations in ¶ 53.

54. CCS denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

55. CCS denies the allegations in ¶ 55.

56. CCS denies the allegations in ¶ 56.

57. CCS denies the allegations in ¶ 57.

58. CCS denies the allegations in ¶ 58.

59. CCS denies the allegations in ¶ 59.

## COUNT V

60. CCS incorporates its answers to the above referenced paragraphs as if fully stated herein.

61. There are no allegations in ¶ 61 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the New York General Business Laws.

62. CCS denies the allegations in ¶ 62.

63. There are no allegations in ¶ 63 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the New York General Business Laws.

64. There are no allegations in ¶ 64 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the New York General Business Laws.

65. There are no allegations in ¶ 65 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required,

CCS denies that it acted in a way that was prohibited by or violated the New York General Business Laws.

66. There are no allegations in ¶ 66 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the TCPA.

67. There are no allegations in ¶ 67 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the TCPA.

68. There are no allegations in ¶ 68 directed at CCS, which contains only a conclusion of law to which no response is required. To the extent an answer is required, CCS denies that it acted in a way that was prohibited by or violated the FDCPA.

69. CCS denies the allegations in ¶ 69.

## PRAYER FOR RELIEF

CCS denies that Plaintiff is entitled to the relief requested in each and every paragraph and sub-paragraph under the heading entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, CCS avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against CCS upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event CCS is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**THIRD AFFIRMATIVE DEFENSE**

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

**FOURTH AFFIRMATIVE DEFENSE**

The phone calls made by CCS are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

**FIFTH AFFIRMATIVE DEFENSE**

The equipment used by CCS to make telephone calls is not covered by or subject to the TCPA

**SIXTH AFFIRMATIVE DEFENSE**

Calling cellular numbers manually, without the aid or use of an automatic telephone dialing system, and without an artificial or prerecorded voice, is not prohibited by the TCPA.

9

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, CCS had the prior express consent of the called party or parties, such number(s) was provided during the transaction that resulted in the debt owed, the number was provided by the called party to a creditor in connection with services rendered by such creditor, as part of the application for such services or subsequent thereto.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail as any dispute arising out of the account, upon information and belief is subject to arbitration.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, upon information and belief, prohibited by the terms and conditions of plaintiff's agreement with the original creditor.

WHEREFORE, Defendant, Central Credit Services requests respectfully requests that this answer be deemed good and sufficient, that plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's costs, that plaintiff be ordered to pay reasonable attorney's fees and costs for CCS and for all other general and equitable relief.

Respectfully Submitted,

/s/ Aaron R. Easley
Aaron Easley, Esq. (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3 Cross Creek Drive
Telephone:   (908) 237-1660
Facsimile:   (908) 237-1663
Email: aeasley@sessions-law.biz

10

                                          Attorneys for Defendant,
                                          Central Credit Services

## **CERTIFICATE OF SERVICE**

I certify that on October 2, 2013, a copy of the foregoing **Central Services Credit Inc.'s Answer and Affirmative Defenses** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. A copy of the foregoing is also being delivered via U.S. Mail to plaintiff at the following address:

    Leah Weiss
    14 Ruzhin Rd., Unit 202
    Monroe, NY 10950
    Plaintiff, *Pro Se*

                                      /s/ Aaron Easley
                                      Aaron R. Easley, Esq.
                                      Attorney for Defendant